```
 1  DANIEL G. BOGDEN
    United States Attorney
 2
    GREG ADDINGTON
 3  Nevada Bar No. 6875
    Assistant United States Attorney
 4  100 West Liberty, Suite 600
    Reno, Nevada  89501
 5  Tel.:  (775) 784-5438
    Fax:   (775) 784-5181
 6
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BILL ADAMSON et al., | ) | |
| Plaintiffs, | ) | 3:08-cv-621-LDG-RAM |
| v. | ) | UNITED STATES' MOTION TO DISMISS CLAIMS OF LORILLEE BABCOCK |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |
| JUDY KROSHUS, et al., | ) | 3:09-cv-713-LDG-RAM |
| Plaintiffs, | ) | FEDERAL DEFENDANTS' MOTION TO DISMISS CLAIMS OF LORILLEE BABCOCK |
| v. | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | |
| BILL ADAMSON et al., | ) | |
| Plaintiffs, | ) | 3:09-cv-715-LDG-RAM |
| v. | ) | UNITED STATES' MOTION TO DISMISS CLAIMS OF LORILLEE BABCOCK |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

1

The federal defendants in these related actions, through their undersigned counsel, move this Court for dismissal of the claims brought by plaintiff LORILLEE BABCOCK pursuant to Rules 7(b) and 25(a), Fed.R.Civ.P.

The grounds for this motion are that plaintiff Lorillee Babcock died in November 2009, a suggestion of death was filed on March 19, 2010, no substitution of a personal representative or other successor has been made, and this action must be dismissed in accordance with Rule 25(a)(1).

This motion is based on the papers and pleadings filed in this action and the accompanying memorandum of law.

                                  Respectfully submitted,

                                  DANIEL G. BOGDEN
                                United States Attorney

                                /s/ Greg Addington
                                GREG ADDINGTON
                                Assistant United States Attorney

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CLAIMS OF LORILLEE BABCOCK

A.   INTRODUCTION

Lorillee Babcock is a plaintiff in each of these three related actions arising from the January 2008 Truckee Canal embankment failure in Fernley, Nevada. In "Adamson I" (3:08-cv-621) and "Adamson II" (3:09-cv-715), plaintiff Babcock is one of many plaintiffs seeking recovery of tort damages against the United States. In "Kroshus II" (3:09-cv-713), plaintiff Babcock is one of many plaintiffs seeking judicial review of the decision by the Bureau of Reclamation to permit limited resumption of water flows in the canal following the repair of the breach site.[1]

In November 2009, plaintiff Babcock died. On March 19, 2010, the federal defendants filed a Suggestion of Death on the Record (#81 - Adamson I; #37 - Adamson II; #77 - Kroshus II) in accordance with Rule 25(a)(1), Fed.R.Civ.P.

The 90-day deadline imposed by Rule 25(a)(1) has expired and no substitution of a personal representative or other successor has been made. Accordingly, this action must be dismissed by the plain terms of Rule 25(a)(1).

---

[1] Plaintiff Babcock is not a plaintiff in "Kroshus I" (3:08-cv-246), an action which seeks the same relief as that sought in "Kroshus II." The federal defendants have filed their motion for summary judgment in "Kroshus I" and "Kroshus II," which motions are pending. Multiple motions are pending in "Adamson II." The current motion does not affect the viability of any other pending motions.

3

B. ARGUMENT

Rule 25(a)(1), Fed.R.Civ.P., provides a mechanism for substitution of a successor when a party dies during the course of litigation and the litigation is not automatically extinguished by the death.  If the claim is not automatically extinguished, a motion for substitution must be filed "within 90 days after service of a statement noting the death..."  If such a motion for substitution is not filed within the 90-day time period, "the action by or against the decedent must be dismissed."  See Rule 25(a)(1).

On March 19, 2010, the federal defendants filed a Suggestion of Death on the Record in each of the three cases in which decedent Lorillee Babcock is a plaintiff. The 90-day deadline has expired for the filing of a motion for substitution of a successor to Babcock and no such motion has been filed. Accordingly, this action "by or against the decedent [Babcock] must be dismissed" by the plain terms of the operative Rule 25(a)(1).  See Hofheimer v. McIntee, 179 F.2d 789 (7th Cir. 1950); see also Patrick v. Sharon Steel Corp., 549 F.Supp. 1259 (W.Va. 1982).

C.  CONCLUSION

Based on the foregoing, the claims of plaintiff Lorilee Babcock must be dismissed in accordance with Rule 25(a), Fed.R.Civ.P.

                                               Respectfully submitted,

                                               DANIEL G. BOGDEN
                                               United States Attorney

                                               /s/ Greg Addington
                                               GREG ADDINGTON
                                               Assistant United States Attorney

                                                    ORDER

IT IS SO ORDERED.

DATED this __9__ day of July, 2010.

                                                    _____
                                                    Lloyd D. George
                                                    Sr. U.S. District Judge