**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUDY KROSHUS, *et al.*, | CASE NO.: 3:09-cv-00713-LDG |
| Plaintiffs, | |
| vs. | |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE INTERIOR, *et al.*, | |
| Defendants. | |
| JUDY KROSHUS, *et al.*, | CASE NO.: 3:08-cv-00246-LDG |
| Plaintiffs, | |
| vs. | |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE INTERIOR, *et al.*, | |
| Defendants. | |
| ALICIA UHOUSE, *et al.*, | CASE NO.: 3:08-cv-0285-LDG |
| Plaintiffs, | |
| vs. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | |
| Defendants. | |

**ORDER APPROVING FINAL SETTLEMENT, PLAN OF DISTRIBUTION, PLAINTIFFS' COUNSEL'S APPLICATION FOR AWARD OF ATTORNEYS' FEES AND COSTS; AND AN AWARD TO THE CLASS REPRESENTATIVES**

WHEREAS, on February 4, 2016, counsel for Plaintiffs deposited in the U.S. Mail notice of the proposed settlement with TCID to all members of the Class herein.

WHEREAS, said notice set out the terms of the proposed settlements and procedure for

1

1  distribution of settlement funds and noticed the time and place for class members to appear and
2  object to and comment on said settlement in Court on the 11th day of March 2016 at 2:00 p.m at
3  the Second Judicial District Court in Reno, Nevada;

4        WHEREAS, on March 11, 2016, at 2:00 p.m., the Court considered Plaintiffs' Motion for
5  (1) Final Approval of Settlement; (2) Approval of Plan of Distribution; (3) Plaintiffs' Counsel's
6  Application for Award of Attorneys' Fees and Costs; and (4) an Award to Plaintiffs in
7  Recognition of Their Service as Class Representatives.

8        WHEREAS, the Court inquired as to whether or not there were any other comments
9  and/or objections by people and parties present or who had written to the Court or Parties, and
10 Attorneys and Representatives;

11       NOW, THEREFORE, the Court being fully advised, makes the following Findings:

12       1)    That legal and sufficient notice has been duly and regularly given to the members
13 of the Class so as to give the members an opportunity to appear and be heard regarding the
14 proposed settlement and distribution.

15       2)    That the class settlement with TCID in the amount of **$18,183,800.00** is fair,
16 reasonable, and adequate in light of the basis upon which the Court approved the Class in this
17 matter and should be approved.

18       3)    That as of the date of the March 11, 2016 settlement fairness hearing, the amount
19 of settlement funds available for distribution totals **$18,183,800.00.**

20       4)    That the distribution formula set forth in the notice, which is based upon an
21 engineer's analysis of the level of water on and/or in each subject property, is fair, reasonable,
22 and adequate and in accord with the basis upon which the Court approved the Class and should
23 be approved by the Court. Specifically, after deducting for attorneys' fees and costs, settlement
24 proceeds will be distributed to members of the Class based upon the following:

25           (A)    forty percent (40%) will go to compensate homeowner class members who
26 suffered real property damages;

27           (B)    ten percent (10%) will go to compensate individual flood victims for
28 personal property damages; and

     (C)  fifty percent (50%) will go to compensate individual flood victims for personal injury and/or emotional distress damages.

  The settlement funds in each category are to be allocated according to the level of water intrusion in each home:

   (1)  **Level 1**- No water on property (generally not eligible to receive settlement funds);

   (2)  **Level 2**- Water on property but no water in garage/crawlspace;

   (3)  **Level 3**- Water in garage and/or crawlspace; and

   (4)  **Level 4**- Water in living space

  Class members who qualify for Level 4 status will receive twice the amount of monetary compensation as class members who qualify for Level 3 status. Class members who qualify for Level 3 status will receive twice the amount of monetary compensation as class members who qualify for Level 2 status. Class members who qualify for Level 1 status will generally not be entitled to settlement funds absent special circumstances.

  An engineer used elevation surveys and other data to determine the level of water intrusion in each house. In prior Fernley Flood settlements, each property owners' claim was compared to the engineer's analysis. Thereafter, a property owner's claim of water intrusion level that was inconsistent with the engineer's analysis was submitted to Honorable Michael E. Fondi, Retired District Court Judge. The decision of Honorable Michael E. Fondi was approved by the Court. That determination is binding on all class members participating in this settlement. If a class member, who was previously given notice of the class action settlements in this case but did not make a settlement claim, timely submits a settlement claim this time, he or she is bound by the water inundation level determined by an engineer who used elevation surveys and other data to determine the level of water intrusion in each house. All water inundation levels are final and no changes will be made for this settlement.

  5)  In addition to the settlement proceeds described above, the class representatives, will each receive **$1,000.00** payable from the settlement proceeds as compensation for serving as class representatives.

  6)  That in light of the complexity of this case, the very substantial time spent by the

1  attorneys, and very substantial costs necessarily incurred in connection with the prosecution of
2  this matter, the Court finds that Plaintiffs' Counsel's request for attorneys' fees in the amount of
3  **$7,273,520.00**, which equals forty percent (40%) of the total settlement funds available for
4  distribution as of the date of the March 11, 2016 settlement fairness hearing, and costs in the
5  amount of **$580,997.14**, is reasonable and in accord with those customarily awarded by Courts in
6  such matters and should be approved by the Court.

7      NOW, THEREFORE it is hereby ORDERED that:

8      1) That legal and sufficient notice has been duly and regularly given to the members
9  of the Class so as to give the members an opportunity to appear and be heard regarding the
10 proposed settlement and distribution.

11     2) That the class settlement with TCID in the amount of **$18,183,800.00** is fair,
12 reasonable, and adequate, and is therefore, **APPROVED.**

13     3) That the incentive payment to the eighteen (18) class representatives for their
14 participation and supervision of this case in the amount of **$1,000.00** each is fair, reasonable, and
15 adequate, and is therefore, **APPROVED.**

16     5) That Plaintiffs' Counsel's request for attorneys' fees in the amount of
17 **$7,273,520.00** and costs in the amount of **$580,997.14** is fair, reasonable, and adequate, and is
18 therefore, **APPROVED.**

19     6) That the method for distributing settlement funds is fair, just, and adequate, and is
20 therefore, **APPROVED.**

21     7) After deducting attorneys' fees, costs and the incentive payments to each class
22 representative, Plaintiffs' counsel is authorized to distribute the remaining amounts
23 (**$10,311,282.86**, plus any and all accrued interest) to Class Members in accordance with the
24 procedures approved herein.

25     8) That this Court maintains jurisdiction over this matter until TCID pays Plaintiffs
26 Seventeen Million One Hundred Eighty Three Thousand Eight Hundred Dollars
27 ($17,183,800.00) from its sale of the TCID Donner Lake Assets.

28     9) Upon receipt of the money from the sale of the TCID's Donner Lake Assets,

Plaintiffs are ordered to file notice with the Court acknowledging receipt of the funds. Upon receipt of the notice filed by Plaintiffs, this matter will be concluded.

**IT IS SO ORDERED.**

DATED this 11th day of _____March_____, 2016.

_____
SR. U.S. DISTRICT COURT JUDGE
LLOYD D. GEORGE